# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FILED
MAR 28 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**ARREST ON OUT-OF-DISTRICT OFFENSE**

CASE NUMBER: **17MJ0928**

The person charged as **Edgar VEYTIA** now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Eastern District of New York with: Count I: International Heroin, Cocaine, Methamphetamine and Marijuana Manufacture and Distribution Conspiracy; Count II: Heroin, Cocaine, Methamphetamine and Marijuana Importation Conspiracy; Count III: Heorin, Cocaine, Methamphetamine, and Marijuana Distribution Conspiracy in violation of: Count I: 21 U.S.C. §§ 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H), and 959(d), 18 U.S.C. §§ 3238, 3551 et seq.; Count II: 21 U.S.C. §§ 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H), 18 U.S.C. § 3551 et seq.; Count III: 21 U.S.C. §§846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii), and 841(b)(1)(A)(viii), and 18 U.S.C. § 3551 et seq.


---


The charging documents and warrant for the arrest of the defendant which was issued by the United States District Court for the Eastern District of New York are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: March 28, 2017

Special Agent Eric McGuire
Federal Bureau of Investigation

Reviewed and Approved

Dated: 3/28/17

Michael A. Deshong
Special Assistant United States Attorney

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

United States of America
v.

EDGAR VEYTIA,
also known as "Diablo," "Eepp," and "Lic veytia,"

*Defendant*

CR No. 17 00115

MAUSKOPF, J.
SCANLON, M.J.

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* EDGAR VEYTIA, also known as "Diablo," "Eepp," and "Lic Veytia"
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

International cocaine, heroin, methamphetamine and marijuana manufacture and distribution conspiracy, cocaine, heroin, methamphetamine and marijuana importation conspiracy, cocaine, heroin, methamphetamine and marijuana distribution conspiracy, in violation of T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii), 846, 853(a), 853(p), 959(d), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H), 963, 970; T. 18 §§ 3238 and 3551 et seq.; T. 28, U.S.C. § 2461(c).

Date: 03/02/2017

*Issuing officer's signature*

City and state: Brooklyn, New York

Hon. Marilyn D. Go
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____   Weight: _____

Sex: _____   Race: _____

Hair: _____   Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR - 2 2017 ★
BROOKLYN OFFICE

GMP:MPR/CRH/RCH/AW/KS
F. # 2017R00354/OCDETF #NYNYE-801

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

EDGAR VEYTIA,
  also known as "Diablo," "Eepp,"
  and "Lic veytia,"

  Defendant.

- - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

CR 17 00115

(T. 21, U.S.C., §§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii),
841(b)(1)(A)(viii), 846, 853(a), 853(p),
959(d), 960(b)(1)(A), 960(b)(1)(B)(ii),
960(b)(1)(G), 960(b)(1)(H), 963 and 970;
T. 18, U.S.C., §§ 3238 and 3551 et seq.)

MAUSKOPF, J.

SCANLON, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(International Heroin, Cocaine, Methamphetamine and
Marijuana Manufacture and Distribution Conspiracy)

1. In or about and between January 2013 and February 2017, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant EDGAR VEYTIA, also known as "Diablo," "Eepp," and "Lic veytia," together with others, did knowingly and intentionally conspire to manufacture and distribute one or more controlled substances, intending, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance; (c) a

substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of heroin involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1 kilogram or more of a substance containing heroin. The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 5 kilograms or more of a substance containing cocaine. The amount of methamphetamine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 500 grams or more of a mixture or substance containing methamphetamine. The amount of marijuana involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1,000 kilograms of a substance containing marijuana.

(Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

### COUNT TWO
(Heroin, Cocaine, Methamphetamine and Marijuana Importation Conspiracy)

2. In or about and between January 2013 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

2

EDGAR VEYTIA, also known as "Diablo," "Eepp," and "Lic veytia," together with others, did knowingly and intentionally conspire to import one or more controlled substances into the United States from a place outside thereof, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance; (c) a substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of heroin involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1 kilogram or more of a substance containing heroin. The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 5 kilograms or more of a substance containing cocaine. The amount of methamphetamine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 500 grams or more of a mixture or substance containing methamphetamine. The amount of marijuana involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1,000 kilograms of a substance containing marijuana.

(Title 21, United States Code, Section 963, 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G) and 960(b)(1)(H); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
### (Heroin, Cocaine, Methamphetamine and Marijuana Distribution Conspiracy)

3.  In or about and between January 2013 and February 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDGAR VEYTIA, also known as "Diablo," "Eepp," and "Lic veytia," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing heroin, a Schedule I controlled substance; (b) a substance containing cocaine, a Schedule II controlled substance; (c) a substance containing methamphetamine, a Schedule II controlled substance; and (d) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of heroin involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1 kilogram or more of a substance containing heroin. The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 5 kilograms or more of a substance containing cocaine. The amount of methamphetamine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 500 grams or more of a mixture or substance containing methamphetamine. The amount of marijuana involved in the conspiracy attributable to the

defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least 1,000 kilograms of a substance containing marijuana.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vii) and 841(b)(1)(A)(viii); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to at least a sum of approximately $250 million in United States currency.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
ARTHUR G. WYATT
NARCOTICS AND DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

6

F. #2017R00354/OCDETF #NYNYE-801

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*EDGAR VEYTIA,*
*Also known as "Diablo," "Eepp," and "Lic veytia,"*

Defendant.

# INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II),
841(b)(1)(A)(vii), 841(b)(1)(A)(viii), 846, 853(a), 853(p), 959(d),
960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G), 960(b)(1)(H), 963 and
970; T. 18, U.S.C., §§ 3238 and 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Craig R. Heeren, Assistant U.S. Attorney (718) 254-6467*
*Ryan C. Harris, Assistant U.S. Attorney (718) 254-6489*